[19 NYS3d 331]

In the Matter of Young Min Kim, an Attorney, Respondent.
Grievance Committee for the Second, Eleventh, and
Thirteenth Judicial Districts, Petitioner.

Second Department, November 18, 2015

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Colette M. Landers* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

The facts in the New Jersey disciplinary proceeding were presented as follows:

In September 2012, the Office of Attorney Ethics (hereinafter the OAE) was notified by the Wilshire State Bank of a $23,220.37 overdraft in the respondent's trust account. On October 23, 2012, the OAE conducted a demand audit of the respondent's books and records. However, the respondent did not produce trust account reconciliations for July, August, and September 2012, with corresponding ledger cards.

Between October 2012 and May 2013, the OAE made numerous requests for the respondent to produce his trust account reconciliations. Although the respondent was granted several extensions, he failed to provide the requested records.

On May 29, 2013, the respondent faxed "purported" reconciliations to the OAE, for the period July 2012 through September 2012. The respondent was requested to provide, by July 31, 2013, trust account reconciliations for the period of June 30, 2010 through June 30, 2012. The respondent requested and received numerous extensions to produce the reconciliations.

On November 15, 2013, at the continuation of the OAE demand audit, the respondent produced reconciliations for the period of September 2007 through October 2008, but not the specifically requested reconciliations for the period of June 30, 2010 through June 30, 2012. Thereafter, the respondent requested an extension to provide the trust account reconciliations. Although the respondent informed the OAE that he expected to produce all of the requested documents by December 17, 2013, he failed to do so.

By virtue of the foregoing, the OAE disciplinary complaint charged the respondent with having failed to cooperate with disciplinary authorities in violation of New Jersey Rules of Professional Conduct rule 8.1 (b) and New Jersey Court Rules rule 1:20-3 (g) (3) and (4). After the filing of the OAE complaint, the respondent failed to file an answer. The Disciplinary Review Board of the Supreme Court of New Jersey (hereinafter the DRB) found that the OAE complaint alleged sufficient facts to support the charges of unethical conduct. Further, the respondent's failure to file an answer to the OAE complaint was deemed an admission of the allegations of the complaint. The DRB noted that for more than one year, despite receiving

numerous extensions, the respondent failed to provide the OAE with the requested information. The DRB determined that a censure was warranted in light of the respondent's repeated failure to meet the numerous OAE deadlines, and his failure to submit an answer to the OAE complaint.

In an order filed on May 20, 2015 (221 NJ 438, 113 A3d 1215 [2015]), the Supreme Court of New Jersey censured the respondent and directed him to reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of the matter.

As agreed by the respondent, the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent on June 4, 2015, by mail, with a notice pursuant to 22 NYCRR 691.3 informing him of his right, within 20 days, to file a verified statement setting forth any of the defenses to the imposition of discipline enumerated in 22 NYCRR 691.3 (c). The respondent neither filed a verified statement asserting any of the enumerated defenses nor requested additional time in which to do so. Accordingly, there is no impediment to the imposition of reciprocal discipline.

Under the totality of the circumstances, the Grievance Committee's application pursuant to 22 NYCRR 691.3 to impose reciprocal discipline is granted, and the respondent is publicly censured in New York.

ENG, P.J., MASTRO, RIVERA, DILLON and LaSALLE, JJ., concur.

Ordered that the petitioner's application pursuant to 22 NYCRR 691.3 to impose reciprocal discipline is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, the respondent, Young Min Kim, is publicly censured.